UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERCIDES ESCOBAR NAJARRO,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

CASE NO. 2:26-cv-03080-BAT

**ORDER GRANTING HABEAS PETITION AND ORDERING RELEASE**

Petitioner requests the Court order his immediate release from immigration detention arguing he was detained in violation of his due process rights to notice and a hearing before a neutral decision maker; alternatively, Petitioner requests Respondents provide a bond hearing at which they carry the burden to show by clear and convincing evidence that he is a flight risk or danger to the community. The Court finds release is the appropriate remedy and **GRANTS** the habeas petitions as follows.

Petitioner is citizen of Guatemala, and avers he entered the United States in 2007, was living in Utah, and Respondents arrested and detained him in July 2026. Dkt. 1. Petitioner's first contact with immigration officials appears to have upon his July 2026 arrest. Plaintiff contends he was seized on an "administrative warrant," was not provided a hearing before a neutral adjudicator to determine if there is a basis to detain him, that his detention thus violates his Fifth

Amendment right to due process.

Respondents contend because Petitioner was contacted and detained for the first time in July 2026, he is a member of the "Bond Denial Class" under *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), and the relief this class is entitled to is a bond redetermination hearing, not release. Dkt. 5 at 2.

The Court finds Petitioner is **not** a *Rodriguez Vazquez* "Bond Denial Class" member. *Rodriguez Vazquez* addressed whether a class of unadmitted aliens apprehended in the interior of the United States are subject to mandatory detention under § 1225(b) or to discretionary detention under § 1226(a) with a right to a bond hearing. *Rodriguez*, 183 F.4th at 1169-70. The record does not indicate that when Petitioner was arrested, Respondents treated Petitioner as detained under § 1225; in fact, Respondents have filed no record. Hence the specific dispute addressed in *Rodriguez* is not evident in Petitioner's case.

The District Court in *Rodriguez Vazquez v. Bostock*, 802 F.Supp.3d 1297, 1303 (W.D. Washington, Sept. 30, 2025) addressed whether "[t]he Tacoma Immigration Judges' (IJs") bond denial policy is unlawful under the INA (the "Bond Denial Class')." Under the denial policy, the Tacoma IJs reasoned "[an IJ] does not have jurisdiction to review . . . bond determinations made by DHS for Bond Denial Class Members." *Id.* at 1307. In contrast, there is nothing showing DHS has ever made a discretionary bond decision, no evidence Petitioner ever appeared before an IJ, and nothing indicating that if Petitioner did appear before an IJ, the IJ applied the Tacoma IJs' policy that there is no jurisdiction to review a DHS bond determination.

Additionally, Respondents argue Petitioner is a *Rodriguez Vasquez* Bond Denial Class member despite detaining him in flagrant violation of *Rodriguez Vasquez.* The initial *Rodriguez Vasquez* order was issued in September 2025, but Respondents nonetheless violated the order by

arresting Petitioner in July 2026 and detaining him at the Northwest ICE Processing Center (NWIPC) without a bond hearing. This pattern of violating *Rodriguez Vasquez* was recognized by the Honorable Tiffany Cartwright in a January 2026 order in which Judge Cartwright ordered Respondents to give noncitizens held at the NWIPC notice of the *Rodriguez Vazquez* declaratory judgment, noting that Respondents had impermissibly detained more than 100 noncitizens without a bond hearing since her 2025 ruling. *Rodriguez Vasquez v. Hermosillo*, 816 F.Supp.3d 1234, 1237 (W.D. Washington, Jan. 14, 2026). Despite the orders Judge Cartwright issued in September 2025 and in January 2026, Respondents detained Petitioner in July 2026 and have held him at the NWICP without a bond hearing and without any indication he was provided notice of the *Rodriguez Vazquez* declaratory judgment.

The Court further rejects Respondents' argument that providing Petitioner a bond hearing is the proper and adequate remedy. Respondent argues Petitioner's due process rights have not been violated because he was not earlier released with an implicit liberty interest, and then impermissible redetained. The Court need not rely upon the line of redetention cases to find Petitioner's due process rights have been violated. The record before the Court does not indicate why Petitioner was detained, what the operative legal basis for detention was and whether it was valid, or what initial detention decisions were made, if any, and who made them. The record does indicate Petitioner is detained at the NWICP, has never had a bond hearing, and has not been provided notice of the the *Rodriguez Vazquez* declaratory judgment. Despite the lack of any process, Petitioner has now been detained for two months. It cannot be that Respondents are free to detain a person without process and no record showing why the person was detained, and that the detained person is required, or forced, to initiate legal action against Respondents to obtain the protections (a hearing before a neutral adjudicator and the *Rodriguez Vazquez* notice) that the

person was entitled to in the first place upon arrest. The Court thus finds a tardy post-detention hearing is an inadequate remedy in this particular case.

The Court accordingly **ORDERS**:

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner within **24 HOURS** of entry of this order; return to him any personal property upon release, including personal identification documents (other than a passport) and employment authorization documents; and file a status report certifying they he been released within **48 HOURS** of entry of this order.

3. Petitioners may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 22nd day of September, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge